MEMORANDUM *
The appellants appeal the district court’s order dismissing as equitably moot their appeal from the bankruptcy court’s confirmation of a Chapter 11 plan. We *445 have jurisdiction under 28 U.S.C. § 158(d), and we affirm.[1]
The district court held that the appeal was moot because the confirmed bankruptcy plan had been substantially consummated.[2] The district court relied on four facts in reaching this conclusion: (1) the transfer of property from the Valley Park Liquidating Trust (“the Trust”) to the St. Marie Development Corporation (“the Corporation”); (2) the assumption of that property by the Corporation; (3) the distribution of stock by the Corporation to claimants; and (4) the release of hens by most of the claimants. According to both parties at oral argument, since the district court issued its opinion, at least some of the property that was transferred to the Corporation under the confirmed plan has been sold to third parties.
We agree that the confirmed plan has been substantially consummated. A plan has been substantially consummated if substantially all of the property has been transferred, the debtor or its successor has taken control of substantially all of the property, and distribution under the plan has commenced. 11 U.S.C. § 1101(2).
In light of the facts identified by the district court and the representations of the parties at oral argument, it is clear that the property of the debtor, the Trust, has been transferred to its successor, the Corporation, and the Corporation has begun selling the property to third parties. Consequently, the district court was correct that the plan has been substantially consummated.
We note, however, that “the fact that a plan is substantially consummated and that the appellant failed to obtain a stay pending appeal does not, by itself, render an appeal moot. The appellate court should still consider whether it can grant effective relief.” In re Weinstein, 227 B.R. 284, 289 (9th Cir.BAP1998) (internal citation omitted); see also In re Golden Plan of California, Inc., 829 F.2d 705, 708 (9th Cir.1986). The appellants contend that effective relief could be granted by merely ordering the Corporation to return the property to the Trust and by requiring the Trust to allow the debtors’ liens to be reinstated.
But reinstating the past is not as simple as the appellants suggest. First, because the Corporation has sold some property to third parties, the bankruptcy court would be powerless to require at least a portion of the property to be returned to the Trust. As we have previously said, “[t]he transfer to a third party precludes meaningful relief.” Baker & Drake, Inc. v. Pub. Serv. Comm’n of Nevada, 35 F.3d 1348, 1351 (9th Cir.1994). Additionally, reinstating the liens would be costly, and as the record makes clear, the Corporation and the Trust already have insufficient funds to engage in normal business operations. Accordingly, we conclude that it would be impossible for the bankruptcy court to grant effective relief at this point.
Because the confirmed plan has been substantially consummated and it is impossible to grant effective relief, we affirm the district court’s determination that this appeal is moot.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Because the parties are familiar with the facts, we discuss them only insofar as they are necessary to reach our decision.

. "Mootness is a jurisdictional issue which we review de novo.” Arnold & Baker Farms v. United States, 85 F.3d 1415, 1419 (9th Cir. 1996).